**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE LUIS JIMINEZ-PRADO,

      Defendant-Appellant.

No. 97-3215
(D.C. No. 97-CR-20008)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Submitted on the Briefs:

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

      This is an appeal from a sentence in which the appellant argues the judgment of

the district court should be reversed because the district court did not comply with the

---

      [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

notice requirement of Fed. R. Crim. P. 32(b)(6)(A) & (C). The appeal is frivolous and we affirm.

Having pled guilty under 8 U.S.C. § 1326(a) & (b)(2) to illegal re-entry following deportation, defendant was set to appear for sentencing on July 7, 1997. A timely presentence report was delivered to counsel with an inaccurate calculation of the specific offense characteristics, and an amended report was later sent to counsel correcting the calculation. The result increased the sentencing range from ten to sixteen months to a range of forty-six to fifty-seven months. Counsel claims to having received this amended report on "June 2, 1997," but it was apparently delivered on July 2.

Nonetheless, appellant now contends the delivery of the amended report in less than thirty-five days prior to sentencing violated § 1326(a). He states in his brief:

> In this instance the Appellant was incarcerated prior to sentencing and had no opportunity to meet with counsel prior to sentencing, the revised report was furnished to counsel one (1) working day prior to sentencing and Appellant did not have an opportunity to research the changes in the report and challenge those in any meaningful way.

This is blatant dissembly.

This matter is before us for plain error review because counsel neither made objection about the timeliness of the notice nor did he object to the calculation of the offense level. *See* **United States v. Smith,** 131 F.3d 1392, 1397 (10th Cir. 1997). Indeed, his only objection was that prior convictions used to calculate criminal history were not "documented" by certified copies. He did not object to proceeding with

sentencing as scheduled, he did not ask for more time, and he did not advise the court he was not able to research and communicate with his client regarding the changes as he claims on appeal. Indeed, he told the court he realized his only objection was "moot." He told the court that he had seen and reviewed the report, and in response to the court's question of whether the report had been explained to his client by counsel, he replied:

> It has, Your Honor, and it was -- I think it's been done actually twice, once in person and once in great detail with a prolonged telephone conversation also through my interpreter with whom the defendant has great trust and so I know that it was brought to his attention.

Thereafter the court asked whether there were disputes over "issues of fact or of law," and defense counsel responded, "No, Your Honor." The same response was made when the court asked whether there was a dispute over the criminal history category. Indeed, at no time during the entire sentencing hearing were any objections voiced by defense counsel. Finally the court asked whether there was "any legal reason" why sentence should not be pronounced, and defense counsel replied, "I know of no legal objection, Your Honor."

Now that same counsel has the temerity to appear in this court and contend, "the failure to provide that time seriously jeopardized the Appellant's ability to prepare for and contest the 'aggravated felony' conclusion of the revised report, which resulted in an increase in sentence of at least 30 months." This argument is made by counsel who told the trial court during sentencing:

> If the court please, Your Honor, I would like to amplify that Mr. Jimenez was given these [criminal history] computations significantly as the court has done them by Mr. Goodden [co-counsel] and myself with my own interpreter prior to entering the plea as we presumed this would be the case.

Later, he reiterated:

> I want to amplify again, Your Honor, that as it turned out, Mr Goodden and my estimations were exactly in line with the court's.

We are perplexed how, after all these statements were directed to the trial court, and how, after not only failing to object but also telling the court he knew of "no legal argument" to challenge the court's sentencing decision, counsel can come into this court and argue the district court erred and this matter should be remanded for resentencing. Counsel does not favor us with any suggestion of what challenge he could mount on remand that he was incapable of divining at the time of sentence.

The argument advanced in the appeal is specious. The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge

- 4 -